**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSEPH LUIS LEVIN,

      Petitioner,

v.                                                        Case No. 3:26-cv-447-WWB-SJH

WARDEN, COLUMBIA CORRECTIONAL
INSTITUTION ANNEX,

      Respondent.

_____

## ORDER

Petitioner Joseph Luis Levin, an inmate of the Florida penal system, initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges a state court (Nassau County, Florida) judgment of conviction for lewd or lascivious battery, soliciting a minor via computer, and traveling to meet a minor after solicitation. Although Petitioner purports to proceed under § 2241, he "is in custody pursuant to the judgment of the [Florida] court and, therefore, § 2254 applies to his petition." *Johnson v. Warden, Ga. Diagnostic & Classification Prison*, 805 F.3d 1317, 1323 (11th Cir. 2015); *see also Antonelli v. Warden, USP Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions . . . by nominally bringing suit under § 2241.").

Petitioner previously filed a federal habeas petition challenging his convictions, which the Court dismissed with prejudice. *See Levin v. Sec'y, Fla. Dep't of Corr.*, No. 3:20-cv-1442, 2024 WL 3690819, at *14 (M.D. Fla. Aug. 7, 2024). Thus, any "later

petition" that Petitioner files is "considered 'successive' and must meet the requirements set out in 28 U.S.C. § 2244(b)." *Holland v. Sec'y, Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019). "One of those requirements is that the petitioner 'move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]' before he files it in district court." *Id.* (quoting 28 U.S.C. § 2244(b)(3)(A)). Here, Petitioner has not received authorization from the Eleventh Circuit to file a second or successive habeas petition. Therefore, this case will be dismissed without prejudice to Petitioner's right to file a new petition if he obtains the required authorization from the Eleventh Circuit.[1]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. In light of the dismissal of this case, all pending motions (Doc. Nos. 5, 7, 8) are **DENIED as moot**.

3. The Clerk shall enter judgment dismissing this case without prejudice and close the case.

4. The Clerk shall send Petitioner an Application for Leave to File a Second or Successive Habeas Corpus Petition. If he desires to file a second or successive habeas petition in this Court, he may complete the application and file it in the Eleventh Circuit.

**DONE AND ORDERED** in Jacksonville, Florida, on July 14, 2026.

---

[1] Two of Petitioner's prior habeas petitions were dismissed as unauthorized second or successive petitions. *See Levin v. Sec'y, Dept. of Corrs.*, No. 3:24-cv-1282-MMH-LLL, Doc. 3 (M.D. Fla. Jan. 6, 2025); *Levin v. Warden*, No. 3:25-cv-1490-JEP-LLL, Doc. 3 (M.D. Fla. Dec. 11, 2025). To the extent Petitioner argues his latest Petition is not second or successive because the state court resentenced him in 2023 and entered a new judgment, the Court already considered and rejected that argument in the earlier actions. *See id.*

3

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-2

c:
Joseph Luis Levin
Counsel of Record